UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA STEPHANIE JONES,

Plaintiff,

v.

Case No. 26-cv-14047
Honorable Linda V. Parker

TRI-COUNTY NEUROLOGICAL ASSOCIATES, P.C., et al.,

Defendants.
_________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, SUMMARILY DISMISSING PLAINTIFF'S TITLE VII AND ADA CLAIMS AGAINST DEFENDANTS DR. JAY J. KANER AND SARINA KANER, AND TERMINATING THESE DEFENDANTS AS PARTIES**

On October 22, 2026, Plaintiff filed this lawsuit against her former employer, Tri-County Neurological Associates, P.C. ("Tri-County"). (ECF No. 1.) Plaintiff also sues her former supervisor and the owner of Tri-County, Dr. Jay J. Kaner, and the administrator of the practice, Sarina Kaner. In the Complaint, Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII) and the Americans with Disabilities Act ("ADA"). Plaintiff also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which the Court is granting. (ECF No. 2.)

Pursuant to § 1915, a district court must summarily dismiss a case in which the plaintiff proceeds in forma pauperis "at any time if the court determines that . . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's complaint "must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Exercising this required screening function, the Court is dismissing Plaintiff's Title VII and ADA claims against the individual defendants.

The Sixth Circuit has held that "Congress did not intend to provide for individual employee/supervisor liability under Title VII." *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997); *see also Stanley v. W. Mich. Univ.*, 105 F.4th 856, 864 (6th Cir. 2024) (citing *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999); *Wathen*, 115 F.3d 400, 405-405 n.6 (6th Cir. 1997)). "Title VII and the ADA are 'essentially the same' with respect to 'an employee/supervisor's individual liability.'" *Stanley*, 105 F.4th at 864 (quoting *Wathen*, 115 F.3d at 404-405 & n.6). Though the definition of "employer" in both statutes includes "any

agent" of an employer, courts have not construed either statute as providing a right of action against an individual defendant, but rather as incorporating respondeat superior liability. 42 U.S.C. § 2000e(b) (defining "employer"); *see Wathen*, 115 F.3d at 406 (citing *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993)); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999) (citing *Wathen*, 115 F.3d at 404 n.6) (indicating that the liability scheme in Title VII and the ADA "are essentially the same in aspects relevant to" individual liability; they "define 'employer' essentially the same way").

"The foregoing Sixth Circuit precedent establishes that [a plaintiff's] Title VII and ADA claims against . . . individual [d]efendants are not legally cognizable." *Mayes v. City of Oak Park*, No. 05-cv-74386, 2007 WL 9751967, at *9 (E.D. Mich. Sept. 28, 2007). For this reason, the Court **SUMMARILY DISMISSES** Plaintiff's Complaint against Dr. Kaner and Ms. Kaner pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). They are terminated as parties.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 26, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 26, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager